JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. 2:11-cv-05722-JHN –VBK | | Date:  December 13, 2011 |
| Title:   Lance Reynolds et al v. Jamie Durie et al | | |

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(In Chambers)

This Matter comes before the Court on Jamie Durie and JPD Media Pty, Ltd.'s ("Defendants") Motion to Dismiss the First Amended Complaint ("FAC"). (Docket no. 25.)  Lance Reynolds ("Plaintiff") has filed an opposition, and Defendants have filed a reply.  (Docket nos. 30, 31.)  The Court has carefully considered the briefs filed in this matter, as well as the parties' oral argument.  For the reasons herein, the Court GRANTS the Motion.

## I.   BACKGROUND

On June 13, 2011, Lance Reynolds and Atlantic Talent Management filed suit in Los Angeles Superior Court against Defendants.  (Docket no. 1.)  Defendants properly removed the action on July 12, 2011.  (*Id.*)  On July 18, 2011, Defendants filed a motion to dismiss the action, arguing, in part, that Atlantic Talent Management was incapacitated to bring suit because it was suspended by the California Franchise Tax Board for failure to pay taxes.  (Docket no. 5-2.)

The Court denied the motion to dismiss on procedural grounds, because Defendant had failed to properly meet and confer, in violation of Local Rule 7-3.  (Docket no. 16.)  On October 6, 2011, the Court granted Plaintiffs leave to amend their complaint.  (Docket no. 21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   2:11-cv-05722-JHN –VBK | Date:  December 13, 2011 |
| Title:   Lance Reynolds et al v. Jamie Durie et al | |

Plaintiff subsequently filed a First Amended Complaint ("FAC") on October 17, 2011.  (Docket no. 22.)  The FAC, notably, was brought solely on behalf of Lance Reynolds.  (*Id.*)

Defendant Jamie Durie is an Australian television personality, who hosts a show on HGTV called "The Outdoor Room."  Defendant JPD Media Pty, Ltd. is a company owned by Durie.  Plaintiff is an individual who was president of Atlantic Films and Television, and Atlantic Talent Management – companies that entered into multiple agreements with Defendants to provide management, production and development services between 2005 and 2007.  (FAC, Ex. A, B.)

Plaintiff now alleges ten causes of action, which – broadly speaking – arise out of three contracts that were allegedly executed by the parties: (1) the Personal Management Agreement; (2) the Outdoor Room Agreement; and (3) the Settlement Agreement.  (FAC ¶¶ 6-9.)

## II.   JUDICIAL NOTICE

Judicial notice is appropriate under Federal Rule of Evidence 201 for facts "not subject to reasonable dispute," because they are either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice is also appropriate for documents on which the complaint necessarily relies and also for matters of public record, provided the authenticity is not contested.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

The Court has received Defendants' request for the Court to take judicial notice (docket no. 18, Ex. 2, 3) of the suspended status of Atlantic Talent Management, Inc. and the dissolution of Atlantic Film and Television, Inc., and finds it appropriate for judicial notice, because it is capable of accurate and ready determination, and is a matter of public record.  The Court also takes judicial notice of the September 7, 2011 registration of the fictitious business names Atlantic Films and Television, and Atlantic Talent Management, with the Los

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   2:11-cv-05722-JHN –VBK | Date:  December 13, 2011 |
| Title:     Lance Reynolds et al v. Jamie Durie et al | |

Angeles County Registrar-Recorder/County Clerk's office, because it is capable of accurate and ready determination, and is a matter of public record.  (*Id.*, Ex. 4, 5.)

### III.   DISCUSSION

#### A.   First Cause of Action

Plaintiff's first cause of action alleges a breach of the Settlement Agreement. (FAC ¶ 16, Ex. C.)  Plaintiff alleges that Defendants breached the Settlement Agreement by (1) failing to give Plaintiff an "Executive Producer" credit on episodes of "The Outdoor Room," and (2) by failing to pay Plaintiff on a favored nations basis with other executive producers.  (FAC ¶ 16.)[1]

In evaluating a motion to dismiss, the Court generally cannot consider material outside the complaint, unless the material is attached to the complaint, the complaint necessarily relies on the material and its authenticity is not in question, or it is a judicially noticed matter of public record.  *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).  The Court must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff.  *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004).  However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Instead, a complaint must contain sufficient factual matter to make its allegations plausible.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The Court, based on judicial experience and common sense, must determine whether a complaint plausibly states a claim for relief.  *Iqbal*, 129 S. Ct. at 1950.

---

[1] With respect to Plaintiff's argument at the December 12, 2011 hearing that there was also an oral agreement, the Court finds that Plaintiff has not properly plead any claim for breach of an oral contract.  Plaintiff's first cause of action clearly asserts a claim for breach of the written settlement agreement.  (FAC ¶¶ 16-19) ("Durie and JPD breached the Settlement Agreement (Exh. 'C' hereto) . . . "[A]ll parties executed the Settlement Agreement in the form attached as Exhibit 'C.'").  Plaintiff's Opposition similarly makes clear that the written settlement agreement is at issue. (Opp'n 6) ("Plaintiff has alleged that Defendants did sign the document and intended to deliver it.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:11-cv-05722-JHN –VBK | Date:  December 13, 2011 |
| Title:     Lance Reynolds et al v. Jamie Durie et al | |

Defendants argue that this cause of action should be dismissed because the Settlement Agreement was never delivered, as required by law.  (Mot. 4.)  The Court agrees.  Pursuant to California Civil Code Section 1626, "A contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent."  The Supreme Court of California, in *La Mar v. La Mar*, faced a similar situation.  30 Cal. 2d. 898 (1947).  In *La Mar*, a wife sued her husband for divorce, and the trial court awarded all community property to the wife, including a ranch.  *Id.* at 900.  The defendant husband argued that the ranch had ceased to be community property pursuant to a "property settlement agreement," which stated that each party owned the ranch as tenants-in-common.  *Id.* at 903-04.  The settlement agreement had been signed by the defendant, sent to plaintiff's attorney, and was then signed by the plaintiff.  *Id.* at 904.  However, plaintiff's attorney "never delivered that copy to defendant or his counsel."  *Id.*  The Supreme Court of California held that "[s]ince plaintiff failed to deliver to defendant or his counsel a copy of the instrument signed by her, it did not take effect as a contract or a grant of property."  *Id.*  The Court cited Cal. Civ. Code. Section 1626, in adopting this position.  *Id.*; *see also McKinney v. Sargent*, 216 Cal. 18, 22 (1932) ("The delivery never having been made, the agreement was inchoate and incomplete and never became effective."); *Rockefeller v. Smith*, 104 Cal. App. 544, 547 (1930) ("Deliver of the instrument is the final act essential to its consummation as an obligation.").

In the instant matter, the Court agrees with Defendants that Plaintiff has failed to sufficiently allege delivery of the executed agreement.  (Mot. 4.)  Although Plaintiff alleges in the FAC that "all parties executed the Settlement Agreement," and that "the fully executed copy was delivered to Defendants' counsel for delivery to Plaintiff," this does not sufficiently allege actual delivery of the Settlement Agreement.  (FAC ¶ 19.)  Nor does Plaintiff's allegation that the Settlement Agreement was further "confirmed" by "[e]mails between Plaintiff and JPD . . . ."  (FAC ¶ 10.)  Delivery is a necessary requirement, and as a result, Plaintiff's cause of action for breach of the Settlement Agreement may not proceed.  Cal. Civ. Code. Sec. 1626.

Therefore, Defendant's Motion to Dismiss Plaintiff's first cause of action is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:11-cv-05722-JHN –VBK                    Date:  December 13, 2011
Title:   Lance Reynolds et al v. Jamie Durie et al

### B.   Second and Third Causes of Action

Plaintiff's second cause of action alleges that Defendants breached the Outdoor Room Agreement.  (FAC ¶ 21.)  Plaintiff's third cause of action alleges that Defendants breached the Personal Management Agreement.  (FAC ¶ 27.)  Defendants argue that Plaintiff's second and third causes of action must be dismissed because Plaintiff lacks capacity to bring such claims.  (Mot. 6.)  Defendants argue that Plaintiff Lance Reynolds was not a party to either the Outdoor Room Agreement or the Personal Management Agreement.  (*Id.*)  Rather, Defendants argue, the agreements were entered into by Atlantic Films and Television, and Atlantic Talent Management, respectively.  The Agreements, Defendants argue, were merely signed by Plaintiff as each entity's president.  (*Id.*; *see* Mot. Ex. A.)

Plaintiff argues that Atlantic Talent Management and Atlantic Films and Television are actually Plaintiff's fictitious business names, and thus Plaintiff should be able to sue on these contracts.[2]  (Opp'n 5.)  However, there are two major deficiencies in Plaintiff's argument.

First, Plaintiff's argument that he entered into the agreements using his fictitious business names is directly contradicted by the fact that the Outdoor Agreement and Personal Management Agreement were both signed in June 2005, while both fictitious business names were registered with the Los Angeles County Registrar on September 7, 2011, over six years after the agreements were executed.  (Mot. Ex. A, B; docket no. 32, Ex. 4, 5.)  Moreover, these names – which are virtually identical to the suspended company names, only without "Inc." at the end – were registered just weeks after Defendant's original motion to dismiss pointed out that Atlantic Talent Management, Inc. and Atlantic Films and Television, Inc. were

---

[2] The Court accepts Defendants' Notice of Errata Relating to Defendants' Motion to Dismiss.  (Docket no. 32.)  The Court rejects Plaintiff's objections (docket no. 33).  The exhibits Defendants inadvertently left off their second Motion to Dismiss (docket no. 32), had already been attached to a prior submission: the Declaration of Theresa W. Middlebrook (docket no. 18) – which was filed in support of Defendants' Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint (docket no. 9.).  The Court finds that no prejudice that would result from allowing the Errata, and rejects Plaintiff's assertion that this is impermissible "new evidence." (Docket no. 33 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | | |
|---|---|---|
| Case No. | 2:11-cv-05722-JHN –VBK | Date: December 13, 2011 |
| Title: | Lance Reynolds et al v. Jamie Durie et al | |

suspended corporations, and only *days* before Plaintiff filed requested leave to file an amended complaint.  (Docket no. 5; docket no. 17; docket no. 32, Ex. 1-3.)

Second, the only parties named in the agreements are Atlantic Talent Management and Atlantic Films and Television.  The signature pages of both the Outdoor Room and Personal Management Agreements clearly show that Plaintiff signed these agreements only as president of the respective entities.  (Mot. Ex. A, B.)  Both agreements contain Plaintiff's signature just above the words "Its: President." (*Id.*)  Nor does either agreement mention Plaintiff as a party anywhere therein.  (*Id.*)  "If it can, upon the whole instrument, be collected that the true object and intent of it are to bind the principal, and not to bind the agent, courts of justice will adopt that construction of it, however informally it may be expressed."  *Hobson v. Hassett*, 76 Cal. 203, 205 (1888) (internal quotation marks omitted).  Here, as in *Hobson*, "[T]he appearance of the corporate name of the institution on the face of the paper at once leads to the belief that it is a corporate, and not an individual, transaction." *Id.*

Therefore, Defendant's Motion to Dismiss Plaintiff's second and third causes of action is GRANTED.

**C.    Plaintiff's Fourth Cause of Action**

Plaintiff's fourth cause of action is for "constructive trust."  (FAC 10.)  Constructive trust, however, is not a cause of action, but is "only a remedy." *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 76 (1990); *see also Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000) ("Seeking imposition of a constructive trust . . . is not an independent cause of action but merely a type of remedy . . . .").  Therefore, Defendant's Motion to Dismiss Plaintiff's fourth cause of action is GRANTED.

**D.    Plaintiff's Fifth Cause of Action**

Plaintiff's fifth cause of action, for quantum meruit, argues that Plaintiff performed services under the Personal Management Agreement and the Outdoor Room

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:11-cv-05722-JHN –VBK | Date:  December 13, 2011 |
| Title:   Lance Reynolds et al v. Jamie Durie et al | |

Agreement, at the express request of Defendants, and thus – if those agreements are found unenforceable – then Plaintiff should receive the reasonable value of services conferred upon Defendants.  (FAC ¶ 33.)

Defendants move to dismiss this claim, arguing that it is barred by the applicable statute of limitations.  (Mot. 9.)  "The statute of limitations for quantum meruit claims is two years . . . ."  *Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 996 (1999), *citing* Cal. Code Civ. Proc. Section 339; *see also Maglica v. Maglica*, 66 Cal. App. 4th 442, 452 (1998).

The term of the Personal Management Agreement lasted from June 27, 2005 through June 26, 2007.  (Docket no. 22, Ex. A. ¶ 2.)  The term of the Outdoor Room Agreement was three years, beginning on June 27, 2005.  (Docket no. 22, Ex. B. ¶ 4.)  Plaintiff, in its FAC, states that he performed a "wide variety of management and production services" from "early 2005 until 2007."  (FAC ¶ 7.)  Thus, the two year statute of limitations would end in 2009.  Plaintiff himself does not dispute that his services ceased after 2007.  (FAC ¶ 7; Opp'n 9.)  This lawsuit, however, was not filed until June 13, 2011.  (Docket no. 1.)

Nevertheless, Plaintiff argues that the limitations period should accrue from the date Plaintiff "actually sustained the damages, which was in late 2009."  (Opp'n 9.)  This is not so.  In an action for quantum meruit, "[t]he date the services were performed is the critical time in determining whether the statute of limitations bars the action."  *E.O.C. Ord, Inc. v. Kovakovich*, 200 Cal. App. 3d 1194, 1203 (1988); *see also Cullinan v. Molgan*, 87 Cal. App. 684, 698 (1927).

Lastly, Plaintiff argues that Defendants should be barred from asserting the statute of limitations "defense" under the doctrine of equitable estoppel.  (Opp'n 10.)  The doctrine of equitable estoppel "applies only after the limitations period has run to preclude a party from asserting the statute of limitations as a defense to an untimely action where the party's conduct has induced another into forbearing to file suit."  *McMackin v. Ehrheart*, 194 Cal. App. 4th 128, 142 (2011); *see also Battuello v. Battuello*, 64 Cal. App. 4th 842, 847-48 (1998).  Plaintiff contends it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | 2:11-cv-05722-JHN –VBK | Date:  December 13, 2011 |
| Title: | Lance Reynolds et al v. Jamie Durie et al | |

relied on Defendants' representation that they would settle the dispute over the applicable agreements.  (Opp'n 10-11; FAC ¶ 10.)

However, a settlement was reached, according to Plaintiff, "on or about April 15, 2008" – over three years before the instant suit was filed.  (FAC ¶ 9, Ex. C.)  Thus, even if the Court accepted Plaintiff's argument that it did not bring suit because Defendants' told him they would settle the dispute, the fact remains that the two-year statute of limitations has passed.  (FAC ¶ 9; docket no. 22, Ex. C.)  Therefore, Plaintiff's argument is rejected, and Defendant's Motion to Dismiss Plaintiff's fifth cause of action is GRANTED.

**E.     Plaintiff's Sixth Cause of Action**

Plaintiff's sixth cause of action is for accounting.  (FAC ¶¶ 37, 38.)  Plaintiff claims that there was a fiduciary relationship between he and Defendants, and that he is entitled to "an accounting of gross sums already received and to be received by Defendants . . . as a result of their exploitation of the 'Outdoor Room' . . . ."  (*Id.*)  Defendants move to dismiss, arguing that a cause of action for accounting is a "remedy, rather than a separate cause of action."  (Mot. 11.)  This is not so.  In fact, the case Defendants cite on page 12 of their Motion specifically states that an accounting "is treated as a cause of action available to a wronged fiduciary."  *Glue-Ford, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023, n.3 (2000); *see also Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) ("A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting.").

Nevertheless, Plaintiff has failed to sufficiently allege any fiduciary relationship between Defendants and himself as an individual.  Instead, Plaintiff has made clear that he acted "pursuant to Exhibit A" of his FAC: the Personal Management Agreement.  (FAC ¶ 7.)  That is, in performing services for Defendants, he was acting in his capacity as president of Atlantic Films and Television and Atlantic Talent Management.  (*Id.* 2-3, 7.)  Plaintiff, therefore, may not maintain any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | 2:11-cv-05722-JHN –VBK | Date:  December 13, 2011 |
| Title: | Lance Reynolds et al v. Jamie Durie et al | |

individual action for accounting.  Thus, Defendant's Motion to Dismiss Plaintiff's sixth cause of action is GRANTED.

**F.      Plaintiff's Seventh Cause of Action**

Plaintiff's seventh cause of action is for declaratory relief.  (FAC ¶¶ 39-42.)  "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (1995), quoting *General of America Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (1968).   Plaintiff states he is entitled to various monies based upon profits from "The Outdoor Room."  (FAC ¶¶ 40-42.)  As Defendant correctly points out, this issue is already addressed by Plaintiff's first, second and third causes of action.  (Mot. 12.)  Therefore, Defendant's Motion to Dismiss Plaintiff's seventh cause of action is GRANTED.

**G.      Plaintiff's Eighth, Ninth and Tenth Causes of Action**

Plaintiff brings causes of action for money had and received, unjust enrichment, and breach of an implied-in-fact contract.  (FAC ¶¶ 43-56.)  Defendants move for their dismissal.  (Mot. 10-11.)  Defendants argue that these causes of action "cannot exist when express contracts cover the same subject matter."  (Mot. 11.)

While a party certainly may argue alternative theories of recovery in a complaint, Plaintiff is attempting to circumvent the fact that Atlantic Films and Television and Atlantic Talent Management are suspended, by arguing these causes of action in his individual capacity.  (FAC ¶¶ 43-56.)  Allowing Plaintiff to proceed in this manner would be contrary to public policy.  "An individual who has obtained the benefits of corporate limited liability will not be permitted to repudiate corporate existence just because the corporation has become an inconvenience." *Opp v. St. Paul Fire & Marine Ins. Co.*, 154 Cal. App. 4th 71, 76 (2007).  There is simply no sufficient allegation that Plaintiff ever performed services for Defendants in his

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   2:11-cv-05722-JHN –VBK | Date:  December 13, 2011 |
| Title:   Lance Reynolds et al v. Jamie Durie et al | |

individual capacity.  As such, Plaintiff may not disregard the corporate status in order to serve his own interests.

Therefore, Defendant's Motion to Dismiss Plaintiff's eighth, ninth and tenth causes of action is GRANTED.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (docket no. 25) is GRANTED WITH PREJUDICE.  Plaintiff has already had an opportunity to amend his complaint, and has nonetheless, failed to sufficiently allege any causes of action.  The Court, therefore, finds that amendment would be futile.

IT IS SO ORDERED.

___: N/A
Initials of Preparer    AM